IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR442 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| BASHEER JONES, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

The United States of America, by and through its counsel, Acting United States Attorney Carol M. Skutnik, and Erica D. Barnhill and Elliot Morrison, Assistant United States Attorneys, respectfully submits this memorandum setting forth the United States' position regarding the sentencing of Defendant Basheer Jones. For the reasons set forth below and those to be articulated at the sentencing hearing, the United States respectfully submits that a sentence within the Guidelines range as calculated in the plea agreement is appropriate in this case.

**I.  APPLICABLE LEGAL STANDARDS**

A well-established legal framework guides the Court's sentencing determination. The advisory Guidelines range serves as "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007); *see also United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). The Guidelines thus remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. The Sentencing "Commission fills an important institutional role: It has the capacity courts lack to 'base its determination on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (internal citation omitted). After determining the appropriate Guidelines range, the Court then turns to the familiar factors

set forth in 18 U.S.C. § 3553(a): the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## II.     APPLICATION OF § 3553(A) FACTORS

Reviewing the § 3553(a) factors should lead this Court to conclude that a Guidelines sentence is appropriate in this case. In order to promote respect for the law and provide deterrence, it is important that Defendant's sentence follows the core legal principle of our democracy that the laws apply equally to all members of society. Corrupt conduct by public officials—even where, as here, they have since left office—is serious and should not be minimized by lenient sentences. In public corruption cases especially, it is important for anyone who might consider a similar course of action to see that someone who misuses a position of public trust for his own benefit will face strict punishment. *See United States v. Peppel*, 707 F.3d 627, 637 (11th Cir. 2013) (noting that general deterrence is particularly effective in cases involving economic and public corruption crimes); *see also United States v. Kuhlman*, 711 F.3d 1321, 1328 (11th Cir. 2013) (key objective of sentencing should be "to send a message to other [public officials] that [bribery] is a serious crime that carries with it a correspondingly serious punishment"); *United States v. Morgan*, 635 Fed. App'x 423, 450-51 (10th Cir. 2015) (noting that "[d]eterrence is a crucial factor in sentencing decisions for economic and public corruption crimes such as this one" and concluding a sentence of probation was unreasonable and "encourage[d] rather than discourage[d] [public officials] from engaging in [bribery] because they might conclude that the only penalt[y] they will face if they are caught [is probation]"). It is also important for members of the public to see that when their trust is betrayed, meaningful

consequences follow. "Without meaningful consequences for a breach of trust, their trust is no more than blind trust." *Morgan*, 635 Fed. App'x at 450.  Here, a Guidelines sentence will assure the public that "white collar criminals will not be dealt with less harshly than those criminals who have neither the wit nor the position to commit crimes other than those of violence." *United States v. Brennan*, 629 F. Supp. 283, 302 (E.D.N.Y. 1986); *see also United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008) (noting that "[o]ne of the central reasons for creating the sentencing guidelines was to ensure stiffer penalties for white-collar crimes and to eliminate disparities between white-collar sentences and sentences for other crimes").

      Although Defendant's letters of support describe his good deeds and character, the Seventh Circuit suggests that this type of evidence should be weighed cautiously (at best) in deciding a sentence for a public official. In *United States v. Vrdolyak*, 593 F.3d 676, (7th Cir. 2010), Judge Posner found that the district court placed too much weight on letters written on behalf for a number or reasons, including:

> Politicians are in the business of dispensing favors; and while gratitude like charity is a virtue, expressions of gratitude by beneficiaries of politicians' largess should not weigh in sentencing.

*Id.* at 683.

Defendant's past good work in the community is likewise not a reason to vary downward.  *See also United States v. Morken*, 133 F.3d 628, 630 (8th Cir. 1998) (finding defendant's good works unremarkable); *United States v. Jordan*, 130 F.Supp.2d 665, 672-73 (E.D. Pa. 2001) (denying a departure for a defendant convicted of money laundering, despite numerous letters detailing substantial charitable contributions, generosity to community members in need of food, and service as mentor for neighborhood youths; these acts, "while commendable, are not so exceptional or extraordinary for a person" like the defendant who owned a small business);

*United States v. Scheiner*, 873 F.Supp. 927, 933-35 (E.D. Pa. 1995) (departure was not warranted for a doctor convicted of conspiring to defraud an insurance company, despite his contributions to young and poor minorities, including financial sponsorship of several basketball teams, serving on several community boards, working in a podiatry clinic where free services were provided to the poor, and generally [having] served as a source of support and inspiration to many). Indeed, it is widely recognized that "the [Sentencing] Commission intended its guidelines and policy statements to 'equalize punishments for white collar and blue collar crime,'" and courts have endeavored to implement that intention in sentencing. *See United States v. Wright*, 363 F.3d 237, 248-49 (3d Cir. 2004) (upholding the district court's denial of a downward departure where the defendant minister's good works, although "profound," "substantial," and "sustained," were not so extraordinary as to justify a downward departure).

For all of these reasons, this Court should sentence Defendant within the recommended Guidelines range of 33 to 41 months.  As a member of Cleveland City Council, Defendant held a position not only of prominence within the community, but also one of responsibility.  However, instead of working for the benefit of his constituents, Defendant took advantage of his position to line his own pockets and the pockets of his family and associates.  A sentence within the Guidelines range would match Basheer Jones's culpability and reflect the seriousness of his offenses.

## III.    CONCLUSION

Defendant's offense conduct and other relevant factors fall squarely within the scope of the facts and circumstances contemplated by the Guidelines; therefore, a Guidelines sentence will accomplish the goals of 18 U.S.C. § 3553(a).  Thus, the United States respectfully requests

that the Court impose a sentence within the Guidelines range of 33 to 41 months set forth in the plea agreement.

                                Respectfully submitted,

                                CAROL M. SKUTNIK
                                Acting United States Attorney

By:   /s/ Erica D. Barnhill
        Erica D. Barnhill (OH: 0079309)
        Elliot Morrison (OH: 0091740)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3967/3919
        (216) 522-2403 (facsimile)
        Erica.Barnhill@usdoj.gov
        Elliot.Morrison@usdoj.gov